IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:04-CR-75 |
| | ) | (PHILLIPS/SHIRLEY) |
| KURT RUSSELL, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This cause came before the undersigned upon referral [Doc. 140] of defendant's Specific Brady Request for Sentencing Post <u>Booker</u> and <u>Fanfan</u> [Doc. 138], filed on April 27, 2005. The defendant seeks the disclosure of favorable evidence in order to assist the District Court in mitigating his punishment and in applying the advisory Sentencing Guidelines. The government responds [Doc. 142] that it has already disclosed any existing <u>Brady</u> material to the defendant in discovery.

The Supreme Court has held that the government violates due process when it withholds from the defendant favorable evidence that is "material either to guilt or *punishment*." <u>Brady v. Maryland</u>, 373 U.S. 83, 87 (1963) (emphasis added). Moreover, this Court's Order on Discovery and Scheduling [Doc. 14], entered on July 21, 2004, requires the government to disclose information "favorable to the defendant on the issues of guilt or *punishment* within the scope of <u>Brady</u>" and its progeny. (Emphasis added). Accordingly, the Court finds that it has already ordered the government to turn over favorable materials relevant to the defendant's punishment. The government states that it is in compliance with this order, having already disclosed said materials.

1

"The prosecuting attorney is an officer of the court and, absent some indication of misconduct, the court is entitled to accept his representations" regarding the disclosure of Brady materials. United States v. Hernandez, 31 F.3d 354, 361 (6th Cir. 1994) (holding that the court is not required to conduct an *in camera* review of documents to verify the prosecutor's representations). The Court finds the defendant has raised no indication of misconduct with regard to the disclosure of exculpatory evidence. Accordingly, the defendant's Specific Brady Request for Sentencing Post Booker and Fanfan [**Doc. 138**] is **DENIED as moot.**

    **IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge